
**FILED**
**OCTOBER 1, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PAUL ALAN THIAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-202 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas pursuant to four (4) 1993 convictions for the offenses of burglary of a habitation out of Bexar County, Texas, and the resultant 43-year concurrent sentences. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

### I.
### PETITIONER'S ALLEGATIONS

Petitioner appears to argue:

1. The Texas Board of Pardons and Paroles has made an error of law in relying on an inapplicable statute, as well as applying said statute *ex post facto*, to set off petitioner's next parole review for more than one year; and

2. This error of law results in petitioner being denied due process.

II.
PROCEDURAL HISTORY

Petitioner became eligible for parole on his sentences on December 24, 1997. From attachments petitioner has included with his habeas application, it appears petitioner was reviewed for parole on August 4, 2006, and a decision not to grant parole was made. The parole board then set petitioner's next parole review for August 2008, a 2-year set off.

On September 11, 2006, petitioner's spouse requested a special review of petitioner's parole by the board. On September 26, 2006, the board denied said request and advised:

> The Board has the option to set-off a case up to five years from the date of denial if the offense is listed in section 508.149(a) of the Government Code.[1] Your husband's 1st degree "Burg of a Habitation" conviction falls in this section.

On October 17, 2006, petitioner, represented by counsel, requested the parole board grant petitioner a special review because the board made an error of law when they gave petitioner more than a one year set off. Counsel advised the board that petitioner's burglary of a habitation offenses were "with intent to commit theft." On October 30, 2006, the board advised counsel that petitioner did not qualify for special review and noted "[t]he Board has the option to set off a case up to five years from the date of denial if the offense is listed in section 508.149(a) of the Government Code."

Petitioner has also attached a page from an unidentified source addressing when parole is

---

[1] Section 508.149(a), effective September 1, 1997, addresses offenses that are not eligible for release to mandatory supervision. First degree burglary, *i.e.*, burglary of a habitation with intent to commit a felony other than felony theft, is a listed offense. At the time petitioner committed his offenses in 1993, burglary of a habitation was a first degree felony but said offense did not render the inmate ineligible for mandatory supervision unless a party to the offense was armed with explosives or a deadly weapon, or injured or attempted to injure anyone in effecting entry, or while in the building, or in immediate flight therefrom. *See* Tex. Penal Code § 30.02 (1993); Tex. Code Crim. Proc. art. 42.18, sec. 8(c)(12) (1993).

denied:

> If an offender is denied parole, he or she is given either a Serve-All (SA) or a Next Review (NR) date. An NR vote means that the parole panel has decided the offender is not ready for parole but that a subsequent review should be conducted at a specified future date within one to five years for offenders serving a sentence listed in § 508.149(a), Government Code, and one year for an offender not serving a sentence under § 508.149(a), Government Code.

Petitioner's projected release date is April 1, 2011, and his maximum sentence date is June 5, 2036.

### III.
### 28 U.S.C. § 2254 v. 42 U.S.C. § 1983

"Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995) (quoting *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994)). However, if a prisoner is challenging the result of a specific defective parole hearing or is challenging a parole board's rules and procedures that affect his release <u>and</u> resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus under 28 U.S.C. § 2254. The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such relief." *Id*. A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under section 1983.

Here, petitioner alleges improper action on the part of the parole board is affecting his next review for parole and seeks annual parole hearings in the future. Petitioner has not asserted he, in fact, should be released on parole. A favorable determination on petitioner's claim would not automatically entitle petitioner to accelerated release. Therefore, his claims are properly raised under section 1983.

This Court declines to redesignate petitioner's claims as a civil rights lawsuit as doing so

would obligate petitioner to pay the $350.00 filing fee. Petitioner is the one who must decide if he wishes to pursue this claim in a separate civil rights lawsuit, which requires submission of a complaint on the 42 U.S.C. § 1983 form as well as the payment of the filing fee either in full or in installments pursuant to the PLRA.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner PAUL ALAN THIAS be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>1st</u> day of October 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as

indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).